IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY PANDER, : | |
|       Petitioner, : | |
| : | |
| v. : | Civ. No. 15-1337 |
| : | |
| BRIAN COLEMAN, et al., : | |
|       Respondents. : | |
| : | |

**O R D E R**

Anthony Pander has filed *pro se* objections to Chief Magistrate Judge Carol Sandra Moore Wells's Report and Recommendation respecting his Petition for habeas relief. (Doc. Nos. 27, 33); 28 U.S.C. § 2254. Petitioner objects to Judge Wells's conclusion that two claims are defaulted and that the state court was not unreasonable in rejecting his ineffectiveness claims. (Doc. No. 33); Cullen v. Pinholster, 563 U.S. 170, 181 (2011). I will overrule the Objections, adopt Judge Wells's recommendations, and deny the Petition.

**I.     BACKGROUND**

On December 31, 2008, during a New Year's party, Petitioner's sister, Georgianna Pander, informed Petitioner that she was upset with her husband, from whom she was separated. (Doc. No. 27 at 1.) Petitioner became extremely angry, left the party, and entered his car. Brian Dingler, Ms. Pander's boyfriend, followed Petitioner and entered the car in an attempt to calm Petitioner. With Dingler in the passenger seat, Petitioner drove to the husband's home. After arriving, Petitioner left the car and began arguing and wrestling with the husband on the husband's front porch. The husband ran down the street screaming for help and banging on his neighbors' doors. (Id. at 2.) Petitioner pursued the husband, stabbing him in the heart and liver, resulting in the husband's death. Petitioner then reentered his car, informed Dingler, who was

still in the passenger seat, that the victim was "not going to bother my sister again," and drove back to Dingler's home. (Id. at 2.)

On December 1, 2009, a Philadelphia Common Pleas Court jury convicted Petitioner of first degree murder and possession of an instrument of crime. Petitioner was sentenced to life imprisonment without parole for the murder charge and 2.5 to 5 years' imprisonment for possessing the instrument of crime. (Doc. No. 27 at 2.) The Superior Court affirmed. Com. v. Pander, No. 70 EDA 2010 (Pa. Super. Ct. 2011). Petitioner did not seek *allocatur*.

On May 23, 2011, Petitioner filed a *pro se* PCRA petition. The PCRA Court appointed counsel, who file an amended Petition. The PCRA Court denied relief without a hearing. A divided Superior Court panel affirmed in part and remanded for an evidentiary hearing. (Doc. No. 33 Ex. A.) Both parties petitioned for *en banc* review. On September 17, 2014, the Superior Court, sitting *en banc*, vacated the panel decision and denied PCRA relief. Com. v. Pander, 100 A.3d 626 (Pa. Super. Ct. 2014) (*en banc*). On February 4, 2015, the Supreme Court denied *allocatur*.

Acting *pro se*, Pander timely filed the instant habeas Petition, challenging the sufficiency of the evidence and alleging that counsel was ineffective for not: 1) requesting DNA testing of a blood spot in Petitioner's car; 2) presenting character witnesses; 3) presenting evidence or argument that someone other than Petitioner committed the crime; 4) requesting a Com. v. Kloiber, 106 A.3d 820 (Pa. 1954) instruction; 5) cross-examining his sister; 6) raising "prosecutorial misconduct" on appeal; and 7) appealing the trial court's refusal to remove a juror. (Doc. No. 1.) Judge Wells concluded that Petitioner defaulted his challenge to sufficiency of the evidence and one ineffectiveness claim. (Doc. No. 27 at 5-6.) As to the remaining ineffectiveness claims, Judge Wells concluded that the Superior Court reasonably rejected them.

(Doc. No. 27 at 9-15.)  Petitioner objects to all Judge Wells's conclusions.  (Doc. No. 33.)

## II.	LEGAL STANDARD

I must review *de novo* those portions of the Report to which timely, specific objections have been filed.  28 U.S.C. § 636(b)(1)(C).  I may "accept, reject, or modify, in whole or in part" the Magistrate's findings or recommendations.  Id.; Brophy v. Halter, 153 F. Supp. 2d 667, 669 (E.D. Pa. 2001).  As to those portions to which no objections have been made, I must "satisfy [myself] that there is no clear error . . . in order to accept the recommendation."  Fed. R. Civ. P. 72(b) Advisory Committee Notes; see Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining the district court's responsibility "to afford some level of review" when no objections have been made).

I may grant habeas relief for claims a state court reviewed on the merits only if the state court's decision: (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law"; or (2) if the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  18 U.S.C. § 2254(d)(1)-(2).  The "clearly established Federal law" governing Petitioner's ineffectiveness claims are set out in Strickland v. Washington, 466 U.S. 668 (1984).  Accordingly, I must decide pursuant to § 2254(d)(1) whether the state court's application of Strickland was "objectively unreasonable."  Bell v. Cone, 535 U.S. 685, 698-99 (2002); Commonwealth v. Sneed, 899 A.2d 1067 (Pa. 2006).  Petitioner must show that the state court's decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  Harrington v. Richter, 562 U.S. 86, 103 (2011); Pinholster, 131 S. Ct. at 1398 (a state-court decision must "be given the benefit of the doubt").

To make out ineffective assistance of counsel, Petitioner must show: (1) his attorney's

representation was unreasonable under prevailing professional norms; and (2) but for that deficiency, there is a reasonable probability that the result of the proceedings would have been different. Strickland, 466 U.S. at 688. Review of ineffectiveness claims is "doubly deferential when it is conducted through the lens of [§ 2254] habeas." Yarborough v. Gentry, 540 U.S. 1, 6 (2003). If I conclude that counsel's strategy was not unreasonable, I need not address prejudice. United States v. Lilly, 536 F.3d 190, 196 (3d Cir. 2008). I must conduct an evidentiary hearing "unless the [§ 2254] motion and files and records of the case show conclusively that [the petitioner] is not entitled to relief." Id. at 195 (internal quotation marks omitted).

### III.    OBJECTIONS

Petitioner "objects" to each of Judge Wells's conclusions by repeating, nearly verbatim, the arguments he advanced in his Reply to the Commonwealth's opposition. Petitioner now simply adds that he "objects" to Judge Wells's conclusion that each "claim has no merits." (Compare, e.g., Doc. No. 33 (Objections) at 4-5, with Doc. No. 27 (Reply) at 7-8; see also Doc. No. 33 at 34 ("The Magistrate Judge reported that the petitioner claim is without merits, the petitioner respectfully objects because the petitioner claim does has [sic] merits.")).) Petitioner thus raises no objections to Judge Wells's Report. See Nghiem v. Kerestes, 2009 WL 960046, at *1 n. 1 (E.D. Pa. Apr.3, 2009) (I need not consider de novo objections that "merely re-articulate[] all the claims and theories for relief in the Petition"). I will nonetheless construe his submissions liberally and address the objections he apparently seeks to raise. See Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011) (district courts may not decline to afford de novo review merely because objections "rehash" arguments made to Magistrate Judge).

I agree with Judge Wells that Petitioner has defaulted his claims that: 1) the evidence was insufficient; and 2) counsel should have cross examined his sister. 28 U.S.C. § 2254(b)(1)(A).

Petitioner does not attempt to show cause, actual prejudice, or innocence to excuse this default. See Coleman v. Thompson, 501 U.S. 722, 753 (1991) (to excuse default, Petitioner must show "some objective factor external to the defense impeded [Petitioner's] efforts to comply with the state's procedural rule"); Schlup v. Delo, 513 U.S. 298, 321-22 (1995).  Rather, Petitioner merely repeats the incorrect statement of law he used in arguing against the Commonwealth—that "the Court must review [these defaulted claims] de novo."  (Doc. No. 33 at 49 (citing Wiggins v. Smith, 539 U.S. 510, 531 (2001)).  I review de novo a Report to which objections are timely filed however; not defaulted claims.  28 U.S.C. § 636(b)(1)(C).  I agree with Judge Wells that Petitioner has not alleged or demonstrated cause to excuse his default.  Coleman, 501 U.S. at 753.

Petitioner next objects to Judge Wells's conclusion that the *en banc* Superior Court reasonably rejected all Petitioners' exhausted claims.  Petitioner states only that the claims "do[ ] ha[ve] merits." (See, e.g., Doc. No. 33 at 34.)  He has not, however, explained the bases for that conclusion.  I am thus unconvinced that the *en banc* Superior Court's decision was "objectively unreasonable."  Cone, 535 U.S. at 698-99 ("[I]t is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied Strickland incorrectly.").

I agree with Judge Wells that the Superior Court reasonably rejected Petitioner's ineffectiveness claim respecting the failure to request DNA testing of an alleged blood stain—which a detective testified most likely was ketchup—in the passenger side of Petitioner's car. See Pander, 100 A.3d at 634 ("Police . . . remarked that there was a small stain that appeared to be from ketchup or sauce on the passenger seat.").  As the Superior Court reasoned, Petitioner could not establish prejudice because even if this stain was Dingler's blood, the undisputed evidence at trial showed that the victim's sole assailant entered the *driver*'s side of Petitioner's

car, and two eyewitnesses identified Petitioner—not Dingler—as the assailant. See Pander, 100 A.3d at 644 ("DNA testing would not have led to a reasonable probability that the outcome of the trial would have been different."); Strickland, 466 U.S. at 686.

I also agree with Judge Wells that the Superior Court reasonably concluded that counsel was not ineffective for failing to interview four witnesses who Petitioner alleges would have described Dingler's contentious relationship with the victim. Petitioner contends that counsel knew, or should have known about these witnesses. The Superior Court reasonably rejected this claim however, because "the trial court conducted a thorough colloquy regarding [Petitioner's] decision not to testify, not to call fact witnesses, and to present only one character witness," and Petitioner unequivocally stated that he agreed with counsel's strategy. Pander, 100 A.3d at 642-43. ("[T]he colloquy conclusively establishes that [Petitioner] agreed with trial counsel's decision not to present additional witnesses.").

Petitioner simply states that counsel should have presented these four witnesses, but does not suggest that he asked counsel to present these witnesses or that counsel advised him against presenting them. Nor does he even attempt to explain away his stated agreement with counsel's strategy. He thus has failed to show that counsel acted unreasonably. See Strickland, 466 U.S. at 690 ("A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.").

I further agree with Judge Wells's conclusion that the Superior Court reasonably rejected the contention that counsel should have presented "evidence and argument that someone other than [Petitioner] committed the crime." (Doc. No. 1 at 14.) Petitioner does not specify what evidence counsel should have presented. In any event, as the Superior Court reasonably

concluded, this claim lacks merit because the record contradicts it. The Superior Court detailed how counsel's strategy was to implicate Dingler, whom counsel extensively cross-examined. There was no ineffectiveness. See Pander, 100 A.3d at 638 ("The record in this matter demonstrates that trial counsel did present evidence [and argument] in an attempt to implicate Mr. Dingler. . . . [Petitioner's] claim is without merit.").

I also agree with Judge Wells that I may not review the Superior Court's rejection of Petitioner's claim that counsel should have requested a Kloiber instruction. Pander, 100 A.3d at 635 & n.3 ("A Kloiber instruction informs the jury that an eyewitness identification should be viewed with caution . . .") (citing Com. v. Kloiber, 106 A.3d 820 (Pa. 1954)). The Superior Court concluded this claim lacked merit because "the trial court gave an instruction that was substantially similar to a Kloiber instruction." Pander, 100 A.3d at 627. Regardless of Petitioner's disagreement with the Superior Court, I may not re-examine the state court's application of its own law. See Bradshaw v. Rickey, 546 U.S. 74, 76 (2005).

I further agree with Judge Wells that the Superior Court reasonably rejected Petitioner's claim that counsel was ineffective for failing to argue on appeal that the trial prosecutor had impermissibly sought to shift the burden of proof. The prosecutor had twice asked a detective witness whether Petitioner's attorney had requested a DNA test of the alleged blood stain in the passenger side of the car. The Superior Court reasonably concluded that Petitioner failed to show prejudice because: 1) the trial court sustained objections to these questions before the detective answered; and 2) the trial court instructed the jury that the prosecutor bore the burden of proof as to each element of the charged offenses. Pander, 100 A.3d at 635.

Judge Wells also correctly concluded that the Superior Court reasonably rejected Petitioner's ineffectiveness claim for failing to raise on appeal the trial court's refusal to excuse a

juror.  Upon seeing a photo of the victim, a juror asked for a recess.  Petitioner's counsel asked the court to excuse the juror.  When the trial court questioned the juror, she said that the graphic photo had upset her, but she had not discussed this with the other jurors, and that she could remain impartial.  The Superior Court thus reasonably concluded that because the trial court acted properly, counsel was not ineffective in pursuing a meritless issue on appeal.  Pander, 100 A.3d at 632-33 ("Since the juror repeatedly stated that she could remain fair and impartial and was questioned by trial counsel and the court, appellate counsel was not ineffective in not raising this issue on direct appeal.").

In sum, Petitioner has not shown that the *en banc* Superior Court's decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  Richter, 562 U.S. at 103 (2011).  Accordingly, I will overrule Petitioner's Objections.

## IV.     CONCLUSION

**AND NOW**, this 26th day of May, 2016, upon consideration of the pleadings, record, and all related submissions, and after careful review of Judge Wells's Report and Recommendation (Doc. No. 27), it is hereby **ORDERED** that:

1. Petitioner's Objections to the Report and Recommendation (Doc. No. 33) are **OVERRULED**;

2. Judge Wells's Report and Recommendation (Doc. No. 27) is **APPROVED** and **ADOPTED**;

3. There are no grounds to issue a certificate of appealability; and

4. The Clerk of Court shall **CLOSE** this case.

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*

_____
Paul S. Diamond, J.